UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANKLIN DALE HEATH,     )
                         )
    Petitioner,          )    2:09-cv-2024-JCM-PAL
                         )
vs.                      )    **ORDER**
                         )
BRIAN WILLIAMS, *et al.*,)
                         )
    Respondents.         )
_____/

This is an action on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #1). Before any response was filed, petitioner filed a motion for stay (docket #5). Respondents have filed a motion to dismiss the petition (docket #7) and petitioner has responded (docket #11). The motion to hold petition in abeyance and the motion to dismiss are both founded on the fact that the single claim in the petition has not been exhausted before the Nevada Supreme Court.

**I.    Background and Procedural History**

Petitioner was convicted of possession of a stolen vehicle and burglary on October 22, 2007. Exhibit 3.[1] He was sentenced as an habitual criminal to two concurrent life sentences with the possibility of parole after ten years. Exhibit 4. The judgment of conviction was entered January 15,

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss. The exhibits are found in the court record at docket #9.

2008. Exhibit 5.

It was not until May 23, 2008 that petitioner filed a notice of appeal through counsel. Exhibit 6. The Nevada Supreme Court ordered counsel to show cause why the appeal should not be dismissed as untimely. Exhibit 7. The court found counsel's response inadequate and dismissed the appeal for lack of jurisdiction. Exhibit 9 and 10.

Petitioner filed a motion for leave to bypass habeas corpus review by the Eighth Judicial District Court with the Nevada Supreme Court on December 10, 2008. Exhibit 11. Along with the motion, petition filed a petition for writ of habeas corpus containing seven grounds for relief. Exhibit 12. The motion was denied by the Nevada Supreme Court without consideration of the merits of the claims set forth in the post-conviction petition. Exhibit 13. The order denying the motion advised petitioner that he must first seek review of his claim in the district court pursuant to NRS 34.724(2)(b) and NRS 34.738(1). *Id.*

Petitioner filed a state post-conviction petition for writ of habeas corpus in the district court on January 26, 2009. Exhibit 14. The petition raised the same seven grounds for relief as presented in the petition to the Nevada Supreme Court. *Id.* The claims raised included:

1. Petitioner's rights to due process and equal protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were denied when he was improperly adjudicated an habitual criminal and because the sentencing judge had a conflict of interest.

2. Petitioner received ineffective assistance of counsel because counsel did not object to the state's failure to file an Information or Notice of Intent to Seek Habitual Criminal Enhancement.

3. Counsel's ineffectiveness denied petitioner his right to meaningfully access the court in not objecting to the habitual criminal proceedings and in failing to file a timely notice of appeal.

4. Counsel's ineffectiveness denied petitioner procedural due process.

5. Counsel's ineffectiveness denied petitioner equal protection.

6. Counsel's performance as an officer of the court prejudiced petitioner through a lack of professional preparedness and blatant malfeasance.

7. Trial court failed to consider the necessary factors and make the proper finding in imposing the sentence enhancement for habitual criminal.

Exhibit 14.

An amendment to the petition was filed on March 17, 2009 and the state filed its response on March 20, 2009, in which it agreed the petitioner had been deprived of his right to an appeal and requested the court appoint counsel and set a briefing schedule to allow petitioner to pursue a *Lozada*[2] appeal. Exhibits 16 and 17. Petitioner filed a second amendment to the petition and a response and opposition to the state's response. Exhibits 18 and 19. The amendments did not add additional grounds for relief, but provided additional factual support for the claims originally raised. The response objected to the state's answer and its suggestion that a supplemental petition was necessary to effect the *Lozada* appeal. *Id.*

On April 23, 2009, petitioner filed a letter with the district court addressed to the Chief Deputy District Attorney Leon Simon regarding the existence of a notice of intent to seek habitual criminal adjudication and the related claims in his habeas petition, characterized by the court as a petition for writ of habeas corpus. Exhibits 20 and 21. On the district court's order (exhibit 21), the state filed a response to the letter entitled "Response and Motion to Dismiss" arguing the letter was not a petition, was not properly before the court and offering other related arguments. Exhibit 27.

Petitioner then filed a motion to correct an illegal sentence and later a "Notice of Correction of Clerical Mistake for a Nunc Pro Tunc Order". Exhibits 22 and 23. On May 26, 2009, the state opposed the motion to correct an illegal sentence. Exhibit 24. On May 27, 2009, the court conducted a hearing on various pending motions, appointed Dan Winder to represent petition in his *Lozada* appeal/post-conviction review and took the motions off calendar pending review by counsel. Exhibit 25.

---

[2]*Lozada v. State,* 110 Nev. 349, 871 P.2d 944 (1994).

1   On September 22, 2009, counsel for petitioner requested a *Lozada* hearing and the
2 court set a briefing schedule and hearing date of February 19, 2010.  Exhibit 28.  Thereafter, on
3 October 14, 2009, petitioner filed a proper person petition for writ of prohibition and mandamus
4 with the Nevada Supreme Court seeking an order compelling the state district court to allow him to
5 file a delayed direct appeal rather than the post-conviction petition raising *Lozada* claims.  Exhibit
6 29.  This petition was denied when the court declined to exercise original jurisdiction in the matter,
7 declined to decide the merits of the claims raised, and directed petitioner to continue in state court
8 through his court-appointed counsel.  Exhibit 30.
9   Petitioner filed his federal habeas petition on October 19, 2009 (docket #11).  The
10 petition raises single claim of a violation of his rights to appeal, equal protection and due process of
11 law in the denial of a direct appeal before the Nevada Supreme Court.
12   Petitioner then moved to stay his petition (docket #5) arguing the state court
13 proceedings are not adequate to protect the right he has been denied because Nevada law precludes
14 the Nevada Supreme Court from obtaining jurisdiction over an untimely appeal and because a
15 *Lozada* proceeding before the state district court is not an appeal before the appropriate court.
16 Petitioner appears to seek an order from this court directing the Nevada Supreme Court to accept his
17 petition for writ of habeas corpus directly without the interceding review of the state district court.
18   Respondents now move to dismiss the petition because it contains no exhausted
19 claims, because it was premature under *Sherwood v. Tomkins,* 716 F.2d 632 (9th Cir 1983) and
20 *Schnepp v. Oregon,* 333 F.2d 288 (9th Cir. 1964); and because a stay would be inappropriate as
21 petitioner is refusing to follow the state court *Lozada* procedures (docket #7).  Petitioner responds to
22 the motion to dismiss (docket #11) arguing his case circumstances are extraordinary, that the
23 substitute appeal review under *Lozada* violates his right to a direct appeal before the appropriate
24 court and that this denial combined with the denial of the effective assistance of counsel render the
25 state court proceedings ineffective to protect his constitutional rights.  According to respondents, the
26

state court has not ruled on any of petitioner's motions or petition. Petitioner does not contradict this assertion.

## II.    Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). Moreover, exhaustion cannot be achieved by means of procedures not sanctioned or accepted by the state courts. *Castille v. Peoples,* 489 U.S. 346 (1989); *Lindquist v. Gardner,* 770 F.2d 876, 878 (9th Cir. 1985).

Based upon the record presented and the arguments of the parties, it is apparent that

petitioner has not exhausted the claim he presents in his instant petition, or any claims, by presenting them to the Nevada Supreme Court. It is also apparent that petitioner is attempting to circumvent the proper procedures available to him in state court. His claim that these procedures are ineffective to protect his rights are not persuasive.[3] Although he may be required to present his claims initially to the district court should he be denied relief, he is entitled to take the claims to the Nevada Supreme Court to obtain that court's review of his claims. Thus, while the process may be less efficient than the direct appeal he so strongly claims, he will ultimately receive review of all of his claims by the Nevada Supreme Court. *Lozada v. State,* 110 Nev. at 359, 871 P.2d at 950.

Petitioner is not entitled to a stay of these proceedings. Petitioner has not shown good cause to excuse his failure to exhaust the claim in state court as is required under *Rhines v. Weber,* 544 U.S. 269 (2005) for the stay and abeyance of a mixed petition. Moreover, petitioner is not entitled to a stay and abeyance under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), because if he were to dismiss the unexhausted claim in this petition, petitioner would have nothing left before this court to hold in abeyance. *See King v. Ryan,* 64 F.3d 1133, 1135 (9th Cir. 2009).

**III.   Conclusion**

Petitioner presents a fully unexhausted petition for writ of habeas corpus to this court. He has not persuaded the court that the *Lozada* procedures allowed under state law are in truth insufficient to provide him with the same constitutional protections a direct appeal would afford.

---

[3] Petitioner claims that he will be denied the right to effective assistance of appellate counsel if he pursues his claims through the *Lozada* post-conviction procedures. However, because the United States Supreme Court has determined that the right to a direct appeal affords a concomitant right to the effective assistance of counsel for that appeal, and because the Nevada Supreme Court has determined that the proper remedy for a lost direct appeal is the *Lozada* procedure in post-conviction review including the appointment of counsel, it must be presumed that the *Lozada* procedures also include and recognize a right to the effective assistance of counsel in those procedures. *See Lozada v. State,* 110 Nev. at, 871 P. 2d at 947 (citing *Douglas v. California,* 372 U.S. 353 (1963); *Gideon v. Wainwright,* 372 U.S. 335 (1963), and *Evitts v. Lucey,* 469 U.S. 387, 397 (1985).

Thus, the motion to dismiss will be granted and the motion for say will be denied.

**IT IS THEREFORE ORDERED** that the motion for stay (docket #5) is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to dismiss (docket #7) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE.**  The Clerk shall enter judgment accordingly.

Dated, this 16 day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE